**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | § § § | Chapter 7 |
| Tiny Pieces, LLC, | § § | Case No. 24-13515-AMC |
| Debtor. | § § § § § | |

**MOTION OF THE UNITED STATES TRUSTEE FOR ENTRY OF AN ORDER SCHEDULING A HEARING TO SHOW CAUSE**

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, hereby moves (this "Motion") for entry of an order scheduling a hearing to show cause regarding why Tiny Pieces, LLC (the "Debtor") has not complied with the *Order Converting Case to Chapter 7* (Docket No. 48) (the "Conversion Order") or attended the meeting of creditors scheduled pursuant to Bankruptcy Code section 341(a) (the "Creditors' Meeting"). In support of this Motion, the U.S. Trustee states as follows:

**BACKGROUND**

1. On September 30, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The Debtor is represented by Roger V. Ashodian, Esquire ("Counsel") pursuant to order of the Court. *See* Docket No. 39.

3. The *United States Trustee's Operating Guidelines* (the "UST Guidelines") identify and explain the reporting requirements imposed on the Debtor,

1

including the obligation to file monthly reporting (each an "MOR" and collectively, the "MORs").  The Debtor was provided a copy of the Guidelines.

4. The Debtor did not file a single MOR in its bankruptcy case.

5. On May 2, 2025, the Court entered the Conversion Order for a failure to file the MORs.

6. The Conversion Order ordered that "[w]ithin thirty days of the date of this Order, or on or before the meeting of creditors scheduled in the converted chapter 7 case, the Debtor shall file a schedule of current income, current expenditures, all monthly operating reports, and the statement of intentions, if applicable, required by 11 U.S.C. § 521." Conversion Order, ¶ 3.

7. It has been more than thirty (30) days since entry of the Conversion Order.  It is also beyond the scheduled time for the Creditors' Meeting.  The documents have not been filed.  The Debtor therefore has not complied with paragraph 3 of the Conversion Order.

8. The Conversion Order also ordered that "[t]he Debtor shall file all applicable statements, schedules, and reports in a timely manner pursuant to Fed. R. Bankr. P. 1019." Conversion Order, ¶ 4.

9. The deadlines set forth in Bankruptcy Rule 1019 have passed. *See e.g.,* Bankruptcy Rule 1019(e)(1)(A) (requiring filing of a schedule of unpaid debts incurred after the petition date and prior to the conversion within fourteen (14) days after conversion); Bankruptcy Rule 1019(e)(1)(B) (requiring the debtor to file

and send to the United States trustee a final report and account within 30 days after conversion).

10. The documents have not been filed. The Debtor therefore has not complied with paragraph 4 of the Conversion Order.

11. The Conversion Order also ordered that "[t]he Debtor shall turn over to the chapter 7 trustee all records and property of the estate under its custody and control, as required by Fed. R. Bankr. P. 1019(4)." Conversion Order, ¶ 5.

12. Upon information and belief, the Debtor has not complied with paragraph 5 of the Conversion Order.

13. The Conversion Order also ordered that "[p]rofessionals employed by the Debtor are hereby directed to file an application for compensation within thirty days of the entry of this Order for outstanding fees and expenses incurred during the Chapter 11 administration or, alternatively, turn over pre-petition retainers for which Court allowance has not been obtained, if applicable, to the appointed chapter 7 trustee." Conversion Order, ¶ 6.

14. It has been more than thirty (30) days since entry of the Conversion Order. Counsel has not filed a fee application. Upon information and belief, Counsel has not turned over the pre-petition retainer. *See Verified Statement Of Proposed Co[sic]-Counsel* (Docket No. 14-2) (disclosing holding a $7,000 retainer). Upon information and belief, Counsel therefore has not complied with paragraph 6 of the Conversion Order.

3

15. The original Creditors' Meeting was scheduled for June 11, 2025. The Debtor and Counsel failed to attend. *See* Docket No. 59.

### **RELIEF REQUESTED**

16. Bankruptcy Code section 105(a) "gives the bankruptcy court the power and the jurisdiction to enforce its valid orders." *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 266 (3d Cir. 1991) (internal citations omitted). Indeed, it is incumbent upon the Court to demand fidelity to its orders. *In re Malmgren*, 277 B.R. 755, 759 (Bankr. E.D. Wis. 2002) ("If an order is to have any true meaning, if a party is to be able to place any justifiable reliance on an order, if a court is to have any credibility and command any respect, then it must enforce its own orders.").

17. The Debtor is represented by Counsel. Counsel cannot withdraw from representation without an order of the Court. *See* Local Rule 2019-1. Counsel has neither requested nor received Court approval for withdrawal of appearance in the bankruptcy case and must be required to attend the hearing.

18. Accordingly, the U.S. Trustee requests that the Court schedule a hearing to show cause regarding why the Debtor and Counsel have failed to comply with the Conversion Order and failed to attend the Creditors' Meeting and require that Counsel attend that hearing.

## CONCLUSION

**WHEREFORE,** the U.S. Trustee respectfully requests the entry of an order granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated:  June 12, 2025                   Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**For Region 3**

By:  /s/  *John Schanne*
John Schanne, Trial Attorney
United States Department of Justice
Office of The United States Trustee
Robert NC Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
Phone: (202) 934-4154
Email: John.Schanne@usdoj.gov