IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

| | | |
|---|---|---|
| **TINY PIECES, LLC** | : | CHAPTER 7 |
| | : | |
| Debtor. | : | BANKRUPTCY NO. 24-13515-amc |

## DEBTORS' RESPONSE TO MOTION OF
## UNITED STATES TRUSTEE TO CONVERT OR DISMISS CASE

The Debtor, Tiny Pieces, LLC, by and through counsel, Regional Bankruptcy Center of Southeastern PA, P.C., hereby responds to the Motion of the United States Trustee for Entry of an Order Scheduling a Hearing to Show Cause, and in support thereof respectfully represents as follows:

Background:    Paragraphs 1-15.    The averments in the "background" section of the Motion are not germane to the relief sought by the U.S. Trustee, and are either denied, denied as stated, and/or denied as irrelevant, and because they are, or will be, moot.

16.    The averment constitutes a conclusion of law to which no response is required. To the extent that the United States Trustee has made factual allegations in support of its conclusion(s) of law, those factual allegations are denied or denied as stated.

17.    The averment constitutes a conclusion of law to which no response is required. To the extent that the United States Trustee has made factual allegations in support of its conclusion(s) of law, those factual allegations are denied or denied as stated.

18.    Admitted in part, denied in part. It is admitted that the U.S. Trustee requests the relief stated, but it is denied that such relief is warranted.

**AFFIRMATIVE DEFENSES**

19. On May 6, 2025, not long after the Order was entered on May 2, 2025, converting the case to Chapter 7, Debtor's counsel was contacted by Interim Chapter 7 Trustee, Lynn Feldman, Esquire. In the brief conversation, Debtor's counsel indicated that Debtor would be seeking reconsideration of the Order converting the case to Chapter 7, and understood from the exchange that the Trustee would await the outcome of Motion for Reconsideration before expecting the Debtor to take action in the case based on the conversion.

20. The case had been converted to Chapter 7 based on the Motion of the U.S. Trustee Trustee to Dismiss Debtor's Case or Convert to Chapter 7, and U.S. Trustee's representation to the Court at the hearing that the case should be converted to Chapter 7 rather than dismissed.

21. At the hearing on the Motion of the U.S. Trustee to Dismiss Debtor's Case or Convert to Chapter 7, to Debtor's knowledge no evidence or even a proffer regarding the factual basis for what was in the best interests of the creditors was offered by the U.S. Trustee to support the U.S. Trustee's request that the case be converted to Chapter 7 rather than dismissed. Therefore, to Debtor's knowledge the Court had been presented and had at its disposal no factual basis for choosing whether to dismiss or convert the case.

22. The Debtor filed the Motion for Reconsideration on May 16, 2025, and a hearing was scheduled on June 11, 2025.

23. Just prior to the hearing, in light of the facts and circumstances and the opposition of the U.S. Trustee, the Debtor withdrew the Motion for Reconsideration, and plans instead to file a motion to reconvert the case to Chapter 11.

24. It is pretty clear from the liquidation analysis, the plan of reorganization filed under

Subchapter V, and other documents filed in the case that creditors will be better off under the Debtor's proposed plan of reorganization or with dismissal of the case rather than conversion and a Chapter 7 liquidation. The Debtor's liquidation analysis concluded that the Debtor's properties would generate a negative $383,376 in forced liquidation sales, while creditors would be paid in full under the plan of reorganization.

24. The §341 Meeting of Creditors in the converted Chapter 7 case was scheduled the same day at the hearing on the Motion for Reconsideration.

25. Relying on the Debtor's understanding that the Chapter 7 Trustee would await the result of the Motion for Reconsideration, the Debtor had not uploaded documents needed by the Chapter 7 Trustee in order to conduct the §341 Meeting of Creditors, and assumed it would be continued.

26. In fact, the Trustee continued the §341 Meeting of Creditors until July 7, 2025 (Doc. No. 59), prior to the scheduled hearing in this matter, and the Debtor will participate in the rescheduled §341 Meeting of Creditors and otherwise provide what is needed for the case to be administered under Chapter 7, despite the fact that the Debtor will be moving the Court to reconvert the case to Chapter 11. Therefore, the Motion of the U.S. Trustee will be moot.

27. The United States Trustee's official Handbook for Small Business Chapter 11 Subchapter V Trustees, Chapter 1 – Introduction, Section A Overview, page 1-1, provides in relevant part, "The legislative purpose of the SBRA was to provide a fast track for small businesses to confirm a consensual plan with the assistance of a private trustee, a subchapter V trustee. SBRA's key provisions seek: to increase a debtor's ability to negotiate a successful reorganization while retaining control of the business …".

https://www.justice.gov/ust/file/subchapterv_trustee_handbook.pdf/dl

28. "Court[s in Subchapter V cases] should be guided by the overarching goals of subchapter V to (i) provide a process by which debtors may reorganize and rehabilitate their financial affairs,[53] (ii) provide a framework for an expeditious and economical resolution of the case under subchapter V,[54] and (iii) facilitate the development of a consensual plan.[55] " *In re Trinity Legacy Consortium*, LLC, 656 B.R. 429, 440 (Bankr. D. N.M. 2023). Despite the Debtor's problems in timely filing of Monthly Operating Reports, which will be cured, both the Debtor and the creditors will be better off if the case is reconverted to Chapter 11, Subchapter V.

29. Although the Debtor will be seeking re-conversion to Chapter 11, Subchapter V, as being in the best interests of both the Debtor and creditors, in the meantime, the Debtor will cooperate with the Chapter 7 Trustee's ministerial duties and file required documents, so the Motion of the U.S. Trustee will be moot by July 23, 2025, when the hearing is scheduled.

**WHEREFORE**, the Debtor requests this Honorable Court to enter an Order denying the Motion of the United States Trustee for Entry of an Order Scheduling a Hearing to Show Cause.

Respectfully submitted,
REGIONAL BANKRUPTCY CENTER
OFSOUTHEASTERN PA, P.C., by:

_____
Roger V. Ashodian
Attorney ID #42586
101 West Chester Pike, Suite 1A
Havertown, PA  19083
(610) 446-6800

Attorney for Debtor