IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

| | | |
|---|---|---|
| **TINY PIECES, LLC** | : | CHAPTER 7 |
| | : | |
| Debtor. | : | BANKRUPTCY NO. 24-13515-amc |

### MOTION OF DEBTOR, TINY PIECES, LLC, TO COMPEL CHAPTER 7 TRUSTEE , LYNN E. FELDMAN, ESQUIRE, TO ABANDON PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §554(b)

The Debtor, Tiny Pieces, LLC, by and through counsel, Regional Bankruptcy Center of Southeastern PA, P.C., hereby moves this Honorable Court to Compel Chapter 7 Trustee , Lynn E. Feldman, Esquire, to Abandon Property of the Estate Pursuant to 11 U.S.C. §554(b), and in support thereof respectfully represents as follows:

1. This case was filed by the Debtor on September 30, 2024, to address the Debtor's obligation on several mortgages and other debts related to the Debtor's property management business.

2. Initially the case was filed under Chapter 11, Subchapter V, of the Bankruptcy Code.

3. One of the Debtor's properties is located at 721 North 63rd Street, Philadelphia, PA 19151 (hereinafter the "Property"), and is subject to a mortgage and City of Philadelphia lien.

4. As of the September 30, 2024 Petition date, as of the May 2, 2025 conversion date, and presently, a portion of the Property is rented by a tenant, while the remaining portion of the Property was slated for renovation.

5. While the case was pending under Chapter 11, Subchapter V, of the Bankruptcy Code, the Debtor timely filed a Plan of Reorganization on December 30, 2024 (Doc. No. 41).

6. Included as Exhibit "B" to the Plan of Reorganization was a Liquidation Analysis that included Debtor's determination that the value of the Property if liquidated in a quick sale would be $175,000, and that after payment of the balances due on the mortgage loan and City of Philadelphia lien, along with the costs of sale, the projected net proceeds would be $11,608.

7. The United States Trustee filed a Motion to Dismiss or Convert to Chapter 7 for Failure to File Operating Reports (Doc. No. 43), and the case was converted to Chapter 7 by Court Order entered on May 2, 2025 (Doc. No. 48).

8. Upon conversion of the case to Chapter 7, Lynn E. Feldman, Esquire, was appointed as the Interim Chapter 7 Trustee.

9. Upon conversion, the Trustee did not seek Court authorization to operate the Debtor's property management business pursuant to 11 U.S.C. §721.

10. The Debtor believes and therefore avers that the Trustee has not taken any action with respect to the Property since conversion of the case upon the apparent belief that it has minimal or no value to the Debtor's Estate.

11. On September 9, 2025, U.S. Bank National Association, not in its individual capacity but solely as trustee for the BINOM Securitization Trust 2021-INV1 (hereinafter "U.S. Bank") filed a Motion for Relief from the Automatic Stay with respect to the Property.

12. The Trustee did not file a response to the U.S. Bank Motion for Relief from the Automatic Stay (so the Debtor filed a response on September 30, 2025).

13. The Trustee's decision not to file a response to the U.S. Bank Motion for Relief from the Automatic Stay is further evidence that the Trustee does not intend to administer the Property either by seeking to operate the Property or by seeking to sell it.

14. After conversion, the Trustee has made clear that the Debtor cannot collect rents on

behalf of the Debtor's estate, so the only option for the Debtor to continue to collect rent, use the rental revenue to make payments on the mortgage and to fulfill other obligations related to the Property is for the Trustee to abandon the Property.

15. To date the Trustee has neither abandoned the Property nor sought authorization to operate the Property pursuant to 11 U.S.C. §721, and has not to protect it from the Court's granting relief from the automatic stay, apparently because the Trustee has concluded that the Property is burdensome to the estate or that is of inconsequential value and benefit to the estate.

16. Because it is apparent that the Trustee does not intend to operate and/or sell the Property, or to defend it against the U.S. Bank Motion for Relief from the Automatic Stay, and because the Trustee has not sought to abandon the Property pursuant to 11 U.S.C. §554(a), the Debtor now seeks to compel the Trustee to abandon the Property pursuant to 11 U.S.C. §554(b), which provides as follows:

> On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

17. The Debtor is a party in interest with respect to the Elkins Park Property and the New Jersey Property.

18. On October 28 and 29, 2025, the Debtor's counsel engaged in an e-mail exchange with the Trustee and her newly employed counsel, requesting that the Trustee either settle the U.S. Bank Motion for Relief from the Automatic Stay by agreeing to use funds in the Debtor's DIP account to bring the U.S. Bank mortgage current, or abandon the Property to the Debtor.

19. The Trustee's response was that if the Debtor wanted the Trustee to abandon the Property, the Debtor should file a motion with the Court to compel the Trustee to do so.

20. At the October 29, 2025 hearing on the U.S. Bank Motion for Relief from the Automatic Stay, counsel for U.S. Bank agreed to a continuance of the hearing on the U.S. Bank

Motion for Relief from the Automatic Stay to allow the Debtor the time to file such a Motion, and Court agreed to continue the hearing on the U.S. Bank Motion for Relief from the Automatic Stay until December 3, 2025.

21. By this Motion, the Debtor seeks to compel the Trustee to abandon the Property pursuant to 11 U.S.C. §554(b), or in the alternative if the Trustee changes her mind and decides to attempt to administer the Property, to compel the Trustee to settle the U.S. Bank Motion for Relief from the Automatic Stay by agreeing to use funds in the Debtor's DIP account to bring the U.S. Bank mortgage current, and to promptly seek authorization from the Court to operate the Property pursuant to 11 U.S.C. §721. To date, the Trustee has declined to pursue the latter.

WHEREFORE, the Debtor requests this Honorable Court to grant the foregoing Motion and enter the Proposed Order attached to the Motion compelling the Trustee to abandon property pursuant to 11 U.S.C. §554(b).

Respectfully Submitted,
REGIONAL BANKRUPTCY CENTER OF SOUTHEASTERN PA, P.C.

_____
Roger V. Ashodian
Attorney ID #42586
101 West Chester Pike, Suite 1A
Havertown, PA  19083
(610) 446-6800

Counsel for Debtor